IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

DONTA J.,[1]

Plaintiff,

v.

CIVIL NO. 2:20cv131

ANDREW M. SAUL,

*Commissioner,*
*Social Security Administration,*

Defendant.

## ORDER

This matter is before the Court on Donta J.'s ("Plaintiff") objections to Magistrate Judge Douglas E. Miller's Report and Recommendation, which recommends that the Court deny Plaintiff's Motion for Summary Judgment, grant the Commissioner of Social Security Administration's ("Commissioner") Motion for Summary Judgment, and affirm the final decision of the Commissioner. ECF No. 18. For the reasons set forth below, the Court **OVERRULES** Plaintiff's objections to Judge Miller's Report and Recommendation and **ADOPTS** the findings and recommendations therein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts and history of this case are fully set forth in Judge Miller's Report and Recommendation (the "R&R"). ECF No. 18.[2] Therefore, the Court provides only a summary of the relevant events below.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Page citations are to the Certified Administrative Record filed under seal on August 7, 2020. ECF No. 10.

1

On August 22, 2016, Plaintiff applied for disability insurance benefits ("DIB") and supplemental security income ("SSI"). R. 291, 298, 320. In his application, Plaintiff alleged his disability began on October 2, 2001 because of complications from Blount's disease and high blood pressure. Id. The Social Security Administration initially denied his application on October 28, 2016, R. 200–09, and upon reconsideration on August 30, 2017. R. 181–87. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). Such hearing was conducted before the ALJ on June 9, 2019. R. at 42. That day, Plaintiff, who appeared with counsel ("Plaintiff's counsel") and his girlfriend as a witness, testified before the ALJ. See R. 47–65.

On July 9, 2019, the ALJ issued a decision, which denied Plaintiff's application for benefits. R. at 20–34. In reaching this decision, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act. Id. Plaintiff filed a request with the Appeals Council to reconsider the ALJ's decision. R. at 1–14. The Appeals Council declined to review the ALJ's decision, at which time such decision became the final decision of the Commissioner. Id.

On March 9, 2020, Plaintiff brought the instant action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Commissioner's final decision. ECF No. 1. On August 7, 2020, the Defendant filed an answer to the Plaintiff's complaint. ECF No. 9. The Court then referred the matter to Magistrate Judge Miller for report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). ECF No. 11. The parties each filed and fully briefed motions for summary judgment. See Pl. Mot. for Summary Judgment, ECF No. 13; See Commissioner's Cross Mot. for Summary Judgment, ECF No. 15. Briefing for the parties' motions for summary judgment were completed and referred to Judge Miller on November 2, 2020.

On April 2, 2021, Judge Miller issued his Report and Recommendation, which recommends that the Court (1) DENY Plaintiff's Motion for Summary Judgment, (2) GRANT the Commissioner's Motion for Summary Judgment, and (3) AFFIRM the final decision of the Commissioner. ECF No. 18 at 27. By copy of such report, each party was advised of the right to file written objections to Judge Miller's findings and recommendations. Id. at 27–28.

On April 16, 2021, Plaintiff filed objections claiming that Judge Miller erred in finding that the ALJ properly weighed the opinions of Plaintiff's treating physician and finding that the ALJ's review of Plaintiff's subjective testimony regarding his pain and functional limitations was proper. ECF No. 19 at 1. The Commissioner responded to said objections on April 23, 2021 and requested this Court to overrule Plaintiff's objections and to adopt Judge Miller's Report and Recommendation. ECF No. 20 at 1. Such objections are now before the Court.

## II. STANDARDS OF REVIEW

### A. REVIEW OF THE REPORT AND RECOMMENDATION

After the Magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [proper] objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

Where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (internal citations omitted)). Moreover, "[a] mere restatement of the arguments raised in the summary judgment filings does not constitute an

3

objection for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); see also Hartfield v. Colvin, No. 2:16-CV-431, 2017 WL 4269969, at *7 (E.D. Va. Sep. 26, 2017) ("The Court may reject perfunctory or rehashed objections . . . that amount to 'a second opportunity to present the arguments already considered by the Magistrate Judge.'") (internal citation omitted). If no proper objection is made, the district court need only review the report and recommendation for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### B. REVIEW OF THE ALJ'S DECISION

When reviewing the Commissioner's denial of benefits under the Social Security Act, the Court "must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation omitted). As the Fourth Circuit has explained:

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ]. . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].

Id. (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)) (internal quotations omitted).

In deciding whether to uphold the Commissioner's final decision, the Court considers the entire record, "including any new evidence that the Appeals Council 'specifically incorporated . . . into the administrative record.'" Meyer v. Astrue, 662 F.3d 700, 704 (4th Cir. 2011) (internal quotation omitted)). If substantial evidence in the record does not support the ALJ's decision, or if the ALJ has made an error of law, the Court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

4

## III. PLAINTIFF'S OBJECTIONS

The Court now turns to the Plaintiff's objections to Judge Miller's Report and Recommendation. Plaintiff objects to the R&R on two grounds. See ECF No. 19 at 1. First, Plaintiff argues that Judge Miller erred in finding that the ALJ properly weighed the opinions of Plaintiff's treating physician. Id. at 1. Second, Plaintiff argues that Judge Miller erred in finding that the ALJ's review of Plaintiff's subjective testimony regarding his pain and functional limitations was proper. Id. at 3. Plaintiff bases both objections in one case Plaintiff claims Judge Miller erred in not considering: Arakas v. Commissioner, 983 F.3d 83 (4th Cir. 2020). The Court will address both objections in turn, discussing the relevance of Arakas to each objection.

### A. SUBSTANTIAL EVIDENCE TO SUPPORT ALJ'S DECISION TO GIVE PARTIAL WEIGHT TO THE PLAINTIFF'S TREATING PHYSICIAN

Plaintiff first objects to the R&R for recommending that the Court find the ALJ properly weighed opinions of the Plaintiff's treating physician, Dr. Semret Mebrahtu. ECF No. 19 at 2. More specifically, Plaintiff argues that Judge Miller erred by finding the ALJ was justified giving only partial weight to the opinions of Dr. Mebrahtu and finding Dr. Mebrahtu's opinions to be insufficiently supported by the record. Id. Plaintiff argues that Arakas confirmed and emphasized the rule that ALJs are required to give "controlling weight" to the treating physician's opinion if it is well supported by medically acceptable diagnostic techniques and not inconsistent with other substantial evidence in the record. Id. at 2 (citing Arakas, 983 F.3d at 83). Plaintiff contends the ALJ's decision was improper because Dr. Mebrahtu's opinion was supported by the x-ray and MRI results of Plaintiff's knee. ECF No. 19 at 2. Plaintiff also contends the testimony of the consultative examiner and Plaintiff's girlfriend further support the opinions of Dr. Mebrahtu. Id. at 2–3.

Plaintiff did not raise the impact of Arakas to Judge Miller, so the Court will review the

impact of Arakas de novo. The Court concurs with Judge Miller's assessment that the ALJ's decision to give partial weight to Plaintiff's treating physician opinions was supported by substantial evidence. In Arakas, the Fourth Circuit found the ALJ's conclusion to give little weight to the treating physician was flawed for multiple reasons. First, the court noted that the ALJ's cursory explanation did not give the required narrative discussion of why the evidence supported the ALJ's conclusion. Arakas, 983 F.3d at 106. Second, the ALJ erred by requiring the physician's report to be corroborated with other objective evidence. Id. at 107. The court held the report should have been given controlling weight because it was in fact corroborated by twenty years of evidence consistent with the report. Id.

Plaintiff's case is not analogous and thus not persuasive. First, the treating physician in Arakas had been treating the plaintiff for fibromyalgia and other issues consistently since 1996. Arakas, 983 F.3d at 91. Dr. Mebrahtu had only been treating Plaintiff for one month prior to her report and the report contained no clinical findings supporting the restrictions articulated in the report. ECF No. 18 at 18–19; R. at 31, 550. The report also contradicted other statements and evidence contained in the record. ECF No. 18 at 19. Finally, the ALJ did not give a cursory explanation but instead listed the reasons for his decision not to give Dr. Mebrahtu's report controlling weight. See R. 31.

Plaintiff also contends Judge Miller erred in not finding that the opinion of the consultative examiner, Dr. Hoffman, supported Dr. Mebrahtu's report. ECF No. 19 at 2–3. However, the ALJ did consider Dr. Hoffman's opinion and found his opinion to be contradicted by both Plaintiff's self-report and more recent examinations showing better function in Plaintiff's knee. R. 31, 165, 575, 578. Judge Miller found that the ALJ properly considered Dr. Hoffman's opinion and explained why the ALJ gave it little weight. ECF No. 18 at 21. The Court agrees and finds no

error in Judge Miller's findings.

Accordingly, Plaintiff's objection to Judge Miller's Report and Recommendation is **OVERRULED**. ECF No. 19.

### B. SUBSTANTIAL EVIDENCE TO SUPPORT ALJ'S DECISION TO ONLY PARTIALLY CREDIT PLAINTIFF'S SUBJECTIVE TESTIMONY

Next, Plaintiff argues Judge Miller erred in finding the ALJ properly evaluated Plaintiff's subjective testimony regarding his pain and limitations. ECF No. 19 at 3–8. Again, Plaintiff relies on Arakas, arguing that the ALJ "improperly increased [Plaintiff's] burden of proof" by requiring Plaintiff's subjective testimony be supported by objective evidence. Id. at 4–5. Plaintiff also argues that substantial evidence corroborates Plaintiff's subjective testimony rather than contradicts it. Id. at 4–6.

Arakas does not change the analysis done by Judge Miller. The plaintiff's benefits application was denied by the ALJ partially due to her subjective symptoms not being consistent with any objective evidence of disease. Arakas, 983 F.3d at 94. The Fourth Circuit found the ALJ improperly discounted the plaintiff's subjective symptoms. Id. at 95–96. However, the court advanced two main points in support of its finding. First, the court noted that the ALJ discredited the plaintiff's subjective complaints based on the lack of objective evidence corroborating them. Id. at 96 (emphasis added). Second, the court noted that plaintiff's disease—fibromyalgia—is a type of disease whose "symptoms are entirely subjective," making objective evidence of the disease nearly impossible to show. Id. (quoting Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996)).

Plaintiff's case is distinguishable on both points. First, Judge Miller found the ALJ review's appropriate because rather than requiring corroborating objective evidence, the ALJ found that objective evidence contained in the record contradicted Plaintiff's testimony. ECF No.

7

18 at 22–23. Plaintiff consistently treated his pain with conservative methods, had large gaps in seeking treatment, and did not follow up on referrals for specialized orthopedic care. Id. at 23. Plaintiff's self-report also showed he was capable of certain limited work that contradicted Plaintiff's testimony. Id. Therefore, Plaintiff was not required to corroborate his testimony, but other objective evidence contradicted it. Second, Plaintiff's injury—orthopedic damage to his knee—is not the type of injury whose symptoms are wholly subjective. Arakas, 983 F.3d at 96.

Thus, Arakas does not change the process for how the ALJ was to review Plaintiff's subjective testimony. Judge Miller found that the ALJ considered Plaintiff's testimony along with the objective evidence that tended to confirm it, but ultimately found that contradicting evidence led to only partially crediting Plaintiff's testimony. As the ALJ's process was not legally erroneous and considered both the corroborating and contradictory evidence in the record, the Court finds no error in Judge Miller's review of the ALJ's decision to only partially credit Plaintiff's testimony.

Accordingly, Plaintiff's objection to Judge Miller's Report and Recommendation is **OVERRULED**. ECF No. 19.

### IV. CONCLUSION

As set forth above, the Court has conducted a de novo review of the relevant portions of the R&R to which objection has been made and concurs with the findings and recommendations of the magistrate judge. Therefore, the Court **OVERRULES** the Plaintiff's objection, ECF No. 19, to Judge Miller's R&R.

Furthermore, the Court has reviewed the remainder of the R&R along with the record of this case and finds no clear error. Accordingly, the Court hereby **ADOPTS** Judge Miller's R&R, ECF No. 18, and **ORDERS** as follows:

The Commissioner's Motion for Summary Judgment is **GRANTED**. ECF No. 15. Plaintiff's Motion for Summary Judgment is **DENIED**. ECF No. 13. The Commissioner's decision denying disability benefits to Plaintiff is **AFFIRMED**.

Plaintiff is **ADVISED** that he may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United State District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, VA
July 1, 2021